Daniel S. Szalkiewicz, Esq. (DS2323)
Cali P. Madia, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 W. 73rd Street, Suite 102
New York, NY 10023
*Attorneys for the Creditor K.L.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>    Joel Rivera,<br><br>                             Debtor. | Chapter 7 Case No. 1-23-42603-nhl |
| K.L.,<br><br>                             Plaintiff,<br><br>    -against-<br><br>Joel Rivera<br>73-14 Woodhaven Blvd. Apt. 1A<br>Glendale, NY 11385,<br><br>                             Defendant.<br><u>Also Serve:</u><br>Darren Aronow<br>Aronow Law, P.C.<br>Attorney for Defendant<br>7600 Jericho Turnpike, Suite 115<br>Woodbury, NY 11797 | Adversary Case No.<br><br>Bankruptcy Judge |

**COMPLAINT TO DETERMINE THAT SPECIFIED DEBT IS NONDISCHARGABLE**

Plaintiff, K.L.[1] ("K.L." or "Plaintiff") by and through the undersigned counsel, as and for his Complaint against Defendant Joel Rivera ("Rivera" or "Defendant"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Nonconsensual pornography, sometimes called revenge porn, or image-based sexual abuse is a crime and civil tort which occurs when a person shares a victim's intimate content with third parties. While the intimate content – pictures and/or videos depicting certain private body parts and/or sexual acts – is typically consensually recorded, the nonconsensual aspect of the offense comes into play with regard to the dissemination of the content.

2. Typical perpetrators of nonconsensual pornography are disgruntled former romantic partners interested in inflicting pain on their exes in retaliation for ending a relationship. Unlike keying a car or toilet papering a house, nonconsensual pornography is often specifically designed to eviscerate a victim's sense of privacy and safety, irreparably alter their reputation and relationships with recipients, and permanently damage their mental state. In this case, that is just what Rivera sought to do.

3. K.L. and Rivera dated for approximately one year. When, at the onset of the pandemic, K.L. decided to reconcile with her estranged husband, Rivera retaliated against her by sending to K.L.'s husband and business partner intimate images and video that the two had filmed while they were romantically involved.

---

[1] The Supreme Court, Queens County has provided Plaintiff with permission to proceed using her initials.

4. The clear purpose of Defendant's acts was to inflict pain upon K.L. the way he felt that she had inflicted pain upon him – namely by ending or harming her relationships with her business partner and husband.

5. As Defendant intended, his actions have had a lasting impact on K.L. emotionally, and have forever fractured her relationships with her husband and business partner, who have now seen images and video of her engaging in sexual intercourse with another man.

6. Additionally, however, as Defendant and Plaintiff previously shared many of the same professional contacts and networks and attended many of the same work events, Plaintiff has avoided these individuals and events for fear that her involvement would incite further retaliatory action from Defendant to an even larger audience than his first round.

7. Plaintiff filed a Summons and Complaint against Defendant in the Supreme Court, County of Queens on March 16, 2021.

8. While Defendant has largely avoided dealing with the case against him, forcing Plaintiff to bring a motion to compel Defendant to cooperate with discovery on March 7, 2023, it seems Defendant has been busy attempting to avoid financial responsibility for his actions as well – in this case by initiating a Chapter 7 bankruptcy proceeding.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 29 U.S.C. § 1132(e)(1) and (f). This adversary proceeding relates to the above-captioned case under Chapter 7 of the Bankruptcy Code, which is pending in the United States Bankruptcy Court for the Southern District of New York. Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court.

10. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

12. Plaintiff K.L. is a resident of the County of Westchester, State of New York.

13. Defendant Joel Rivera is a resident of the County of Queens, State of New York.

## FACTUAL BACKGROUND

14. K.L. and Rivera dated from 2019 until 2020 during a period when K.L. had separated from her husband.

15. As both K.L. and Rivera work in the same field, the two had common interests and shared the same professional network; for a time, their relationship was a welcome aspect of Plaintiff's life.

16. During the course of their relationship, Defendant would sometimes photograph Plaintiff while the two were kissing and/or in bed. Though Plaintiff was aware that she was being photographed in some of the images, she was always careful to cover her face if the picture showed her naked body or cover her intimate areas if the image showed her face; she made certain that Defendant knew the content was to remain private.

17. Shortly after the COVID-19 pandemic struck New York and the rest of the world, K.L. and her husband decided to work on their marriage and K.L.'s husband moved back into their home.

18. K.L. alerted Rivera of this change in circumstance and attempted to peacefully end the relationship.

19. K.L. hoped that Rivera was moving on as well until, when the two were in a Zoom networking conference with other professionals in their field, Rivera asked her to call him. Not wanting to reopen a private dialogue with Rivera, K.L. did not call him as he had requested.

20. In retaliation, the following day, on April 16, 2020, Rivera sent numerous text messages to K.L.'s husband that included images of her naked, performing oral sex, and engaging in sexual intercourse.

21. Some of the images simply showed Plaintiff and Defendant kissing while on dates or having a glass of wine together. The messages were designed hurt Plaintiff by "outing" her for having a relationship with Defendant.

22. The same day, Rivera sent text messages and WhatsApp messages to Plaintiff's business partner which contained images and videos of K.L. naked and engaging in sexual acts.

23. Rivera wrote to Plaintiff's business partner:

> Just in case you were wondering who & what your "gordis" | "business partner" was doing for the past year...before she got "quarantined". I'm the reason for many the days why she was late to the office or left early for "a meeting" or "event" – although we did actually go to those together quite a number of times...& yes while we were at this last Triple Play. A couple of her close friends knew about our relationship, yet one of the reasons she didn't want to tell you was because you & I kissed a few years back there – she got jealous that day & has been a few times since. If she says it was just a "one-time" fling...I have plenty more where this came from!!! Check your WhatsApp for more...

24. When Plaintiff's husband and business partner showed Plaintiff the messages, she came to realize that Defendant had, on multiple occasions, recorded her without her knowledge, permission, or consent. In one such video, the camera is pointed toward a mirror which shows Plaintiff fully naked and engaging in sexual intercourse. Plaintiff's life has been ravaged by Defendant's betrayal and revenge.

25.     Since Defendant disseminated the intimate content, Plaintiff has suffered from extreme anxiety and despair. Defendant's actions have caused Plaintiff to question her judgment in trusting an individual who not only filmed her without her consent, but maliciously sent the content to third parties when the relationship ended.

26.     Plaintiff has experienced many sleepless nights and feels helpless to stop Defendant from sending the intimate content to additional individuals or even uploading it online.

27.     Each day Plaintiff lives with the oppressive knowledge that her husband and business partner have both seen her fully naked engaging in sexual intercourse with another man.

28.     Plaintiff experiences constant anxiety that others in her professional circle were also sent the intimate content. As a result, Plaintiff has been forced to withdraw from business networks that she previously turned to for referrals out of embarrassment and also fear that her involvement will incite another round of retaliatory messages, perhaps to a larger audience of people.

29.     Prior to the dissemination of the messages, Plaintiff had been considering changing companies. Plaintiff had been deciding between multiple offers, but the most attractive opportunity was a lender who happened to be friendly with Rivera. Now, fearful of further intertwining her career with individuals over which Defendant holds sway, Plaintiff has abandoned the opportunity, to her financial detriment.

30.     Since receiving the intimate content, Plaintiff and her business partner's productivity have decreased. Plaintiff has noticed her partner's attitude toward her has changed and fears that she may be viewed as a professional liability.

31. On March 16, 2021, K.L. filed a summons and complaint against Rivera. A copy of the documents is annexed hereto as **Exhibit 1**.

32. On October 20, 2021 Judge Carmen R. Velasquez, J.S.C. issued a decision permitting Plaintiff to proceed using her initials, finding that the case "involves highly sensitive material that could potentially subject the plaintiff to being stigmatized and cause emotional distress to her family." A copy of this decision is annexed hereto as **Exhibit 2**.

33. The complaint alleges four causes of action against Rivera: (1) Violation of New York City Administrative Code §10-180, (2) Violation of Civil Rights Law § 52-b, (3) Intentional Infliction of Emotional Distress, and (4) Tortious Interference.

34. Defendant filed an Answer on January 21, 2022. A copy of his Answer is annexed hereto as **Exhibit 3**.

35. On March 7, 2023, Plaintiff filed a motion to compel Defendant to comply with discovery. Defendant's attorney filed an Affirmation in Opposition to the motion on May 1, 2023 and, just two months later, Defendant filed a Voluntary Petition for Chapter 7 Bankruptcy.

36. Additionally, in Defendant's Response to Plaintiff's First Set of Interrogatories, Defendant admitted to sending the intimate content to Plaintiff's partner as well as her husband. Copies of Defendant's Response and Verification are annexed hereto as **Exhibit 4** and **Exhibit 5**, respectively.

### COUNT I
### Liquidation of Debt

37. Plaintiff incorporates by reference herein and reallege all the averments contained in the above paragraphs of this Complaint.

38. Defendant filed his Voluntary Petition under Chapter 7 prior to the Supreme Court of the State of New York entering a judgment on his debt.

39. The filing of the Petition under Chapter 7 stayed the state court action.

40. Plaintiff has sustained damages based on Defendant's conduct in an amount as yet undetermined, plus interest, attorney's fees and costs.

41. On his Schedule E/F, Defendant has listed the debt as a nonpriority unsecured claim and marked the debt as disputed.

42. The debt rightfully belongs to Plaintiff K. L. To the extent Daniel Szalkiewicz & Associates, P.C. is an unsecured creditor, it is based on the fact the applicable statutes permit a victim of revenge porn to obtain attorney fees.

43. Plaintiff requests that this Court determine the proper sum of that nondischargeable debt within the course and scope of this adversary matter

**COUNT II**
**Nondischargeability of Debt – 11 U.S.C. § 523(a)(6)**

44. Plaintiff incorporates by reference herein and reallege all the averments contained in the above paragraphs of this Complaint.

45. Section 523(a)(6), 11 U.S.C. §523 (a)(6) provides, in pertinent part, that a discharge under sections 727 or 1141 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity....

46. A willful injury occurs when the actor intends to cause the consequence of the act, or believes injury is substantially certain to occur as a result of his behavior (In re Williams, 579 BR 314, 325 [SDNY 2016]).

47. "Malicious" includes actual and constructive malice (In re Stelluti, 94 F3d 84, 88 [2d Cir 1996]).

48. Constructive malice may be demonstrated "by the acts and conduct of the debtor in the context of the surrounding circumstances" (Id.).

49. More so, "the element of malice may be found either upon a finding of actual malevolence or ill will, or upon a finding of aggravated, socially reprehensible conduct sufficient to justify an imputation of malice to the debtor" (In re Bressler, 387 BR 446, 454 [SDNY 2008]).

50. A court may consider circumstantial evidence in determining what the debtor may have known when taking the action that produced the injury (See Id.).

51. Defendant's conduct falls squarely within the §523(A)(6) definition of "willful" and "malicious."

52. Defendant admitted to sending Plaintiff's intimate content to her husband and business partner/friend (Exhibit 4, ¶8). While Defendant coyly claims he was "letting them know of our [Plaintiff & I] relationship with a couple of intimate pics/videos and regular pics" this is nothing but an attempt to downplay the severity of his actions. Defendant's motive was not innocent, it was malicious.

53. New York City and New York State have outlawed Defendant's actions. Additionally, while not applicable here due to the date of enactment, a federal law was recently passed which recognizes the devastating consequences of nonconsensual pornography by

providing for liquidated statutory damages in the amount of $150,000 for instances such as the one here.

54. Bankruptcy courts have found similar actions to be nondischargable (In re Grossman, 538 BR 34, 40 [ED Cal 2015]).

55. In In re Grossman, the court found the act of revenge porn both willful and malicious. The court determined "[u]ploading the video onto the pornography website was self-evidently no accident. In addition, the defendant's acts of identifying the plaintiff by both her maiden and her married names are circumstances indicative of a subjective intent to embarrass and humiliate her, inviting harassment, shaming, stalking, or worse." (Id.).

56. The Court went on to find that:

> the defendant's animus towards the plaintiff and intent to injure the plaintiff is inherent in his act of labeling the uploaded sex tape with the tag 'ex-girlfriend.' It reeks of revenge and of intention to embarrass and humiliate the plaintiff in a manner that necessarily causes damages by inviting harassment, shaming, stalking, or worse" (Id.).

57. Reading the facts alleged in Plaintiff's Complaint, Defendant attempted to cause strife between Plaintiff and her partner by stating that he was the "reason for many the days why she was late to the office or left early for 'a meeting' or 'event'" and then sending her images and videos of the two engaging in sexual acts. Similarly, there was no innocent motive for Defendant sending images and videos of Plaintiff engaging in sexual acts to her husband, with whom he knew she had recently reconciled. Defendant wanted to hurt Plaintiff and he did. Defendant's actions define aggravated socially reprehensible behavior.

58. Based on the forgoing, the Court should find that any potential debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6).

## RESERVATION OF RIGHTS

59. Plaintiff repeats and re-alleges the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

60. Plaintiff does not waive and instead specifically reserve all of her rights, claims, and defenses as they pertain to Defendant and to defend against any claims or liens that Defendant may assert. Plaintiff expressly reserves the right to amend and supplement this Complaint or to commence a new action against Defendant with other claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant by entering an order: (1) finding that Defendant is liable for the acts alleged in the Complaint, to wit, (a) Intentional Infliction of Emotional Distress, and (b) Violation of the New York City and New York State Revenge Porn Statute; (2) awarding damages to Plaintiff in an amount to be determined at trial; (3) determining that, pursuant to 11 U.S.C. §523(a)(6), the debts owed by Defendant to Plaintiff arising from the actions complained of in the Amended Complaint are excepted from discharge; (4) awarding the costs of this action to Plaintiff, including reasonable attorneys' fees; and (5) for such other relief as the Court deems just and proper..

Dated: August 24, 2023
New York, New York

Daniel Szalkiewicz & Associates, P.C.

/s/Daniel Szalkiewicz
By: Daniel S. Szalkiewicz, Esq. (DS2323)
Cali P. Madia, Esq.
23 W. 73rd Street, Suite 102
New York, New York 10023
*Attorneys for Plaintiff*