UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In Re:                                                                    Chapter 7

Joel Rivera                                                          Case No. 1-23-42603-nhl

                                      Debtor
------------------------------------------------------X

## AMENDED MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 4001(A)(3) AND 11 U.S.C. § 362 GRANTING RELIEF FROM THE AUTOMATIC STAY

TO:    HONORABLE NANCY HERSHEY LORD
         CHIEF UNITED STATES BANKRUPTCY JUDGE

RUTLEDGE APARTMENTS LLC ("Rutledge"), by and through its undersigned counsel, hereby moves this Court, pursuant to Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") for an Order vacating the automatic stay pursuant to Bankruptcy Code to permit Rutledge to continue the proceeding commenced in Civil Court, Queens County under Index No. 306493/22 and granting Rutledge such further relief as the Court deems just and proper, and respectfully represents as follows:

### BACKGROUND

1.      The background facts relevant to the instant Motion are provided in the accompanying Declaration of Martin Kalt, managing agent for Rutledge, and for the sake of brevity will not be repeated herein.[1]

2.      In sum, Rutledge brings the instant motion seeking relief from the automatic stay so that it may proceed in the action commenced in the Civil Court of the City of New York, County of Queens, under L&T Index No. 306493/22 entitled *Rutledge Apartments LLC v Joel Rivera*, and

---

[1] All capitalized terms utilized herein shall have the same meaning ascribed to them in the accompanying Declaration of Martin Kalt (Kalt Declaration).

recover possession of the residential property located at 73-14 Woodhaven Boulevard, New York 11385 (the "Property").

## ARGUMENT

### RUTLEDGE IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE § 362(d)(1)

3. Rutledge is entitled to a modification of the automatic stay pursuant to Bankruptcy Code § 362(d)(1).

4. Section 362(d)(1) of the Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) For cause, including lack of adequate protection of an interest in property of such party in interest;

5. Notably, the burden of proof lies with the Debtor. Bankruptcy Code § 362(g).

6. As fully set forth below, Rutledge is entitled relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1). Debtor has not paid post-petition rent since he filed this proceeding and owes $16,060 through March, 2024 and filed this proceeding on the eve of trial. See **Exhibit C**.

7. Whether cause exists to modify/vacate the stay must be determined on a "case by case basis, taking into consideration the interests of the debtor, the claimants and the state." *In re MacInnis*, 235 B.R. 255, 259 (Bankr. S.D.N.Y. 1998)(citing *In Re Keene Corp.*, 171 B.R. 180,183 (Bankr. S.D.N.Y. 1994); *In re Manhattan King Davit Restaurant, Inc.*, 163 B.R. 36,40 (S.D.N.Y. 1993)(explaining the "term 'cause' is not defined by the Bankruptcy Code, where a claimant seeks relief from the stay to pursue a cause of action in a non-bankruptcy forum, Congress has stated:

> In addition, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result,

2

in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."

S. Rep. No. 989, 95th Cogn.,2d Sess. 50, *reprinted* in 1978 U.S.C.C.A.N. 5787, 5836.

8. Specifically, a bankruptcy court may modify the stay under section 362(d)(1) to permit a creditor to proceed with litigation in another forum in an attempt to regain possession of its collateral or property for cause. *See In re Burger Boys, Inc.*, 183 B.R. 682 (S.D.N.Y. 1994); *In re Diplomat Electronics Corp.*, 82 B.R. 688 (Bankr. S.D.N.Y. 1988).

9. Rutledge's interest in the Property is being jeopardize by the Debtor's continued refusal to pay post-petition rent as it becomes due and Rutledge is prohibited from pursuing lawful remedies to protect such interest. Rutledge has been forced to pay the upkeep and real estate taxes on the Property for over two years and nine months since this proceeding was commenced without collecting any rent or use and occupancy from the Debtor. Rutledge has no protection against the erosion of its interest in the Property and no other form of adequate protection is provided. Rutledge is not permitted to proceed in the Queens County, Civil Court of the City of New York so that it may protect its interests and continues to suffer irreparable injury and damages, while the Debtor enjoys the use of the Property without payment of rent.

I. THE PROPERTY LACKS ADEQUATE PROTECTION DUE TO DEBTOR'S FAILURE TO COMPLY WITH BANKRUPTCY CODE § 365

10. Pursuant to Bankruptcy Code § 365(d)(3)(A), the Debtor "shall timely perform all the obligations ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected[.]" Although the Court may extend such obligation by 60 days, "the time for performance shall not be extended beyond such 60-day period0.]" *Id.*

11. Bankruptcy courts have found that "the right to timely payment of rents constitutes an interest in property entitled to adequate protection" under Bankruptcy Code § 362(d)(1), and

3

have lifted the automatic stay for the failure to pay post-petition rent. *In re Tihi Rest. Corp.*, 22-11216 (JPM), 2023 WL 1768373, *2 (Bankr. S.D.N.Y. Feb 3, 2023)(quoting *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001)); *see also In re Mad LO LO LLC*, 09-11911MG, 2009 WL 2902567, *4 (Bankr. S.D.N.Y. May 29, 2009)(finding that where debtor was two weeks behind on post-petition rent, "[landlord] will not be adequately protected if the Debtor fails further behind on its post-petition rent obligations. The Debtor stated during oral argument that he anticipated paying half of June's rent by June 1, and the other half by June 15. The Court will hold the Debtor to its word, and if either payment is not made by those two dates, [landlord] will be permitted to return to this court on three business-days' notice to seek relief from the automatic stay for failure to pay post-petition rent.").

12. Here, as stated in the Kalt Declaration, the Debtor has not paid any rent post-petition, and therefore has not complied with its obligation to pay post-petition rent under Bankruptcy Code § 365(d)(3)(A). accordingly, the motion should be granted.

13. In *Sonnax Indus, Inc.*, 907 F.2d 1280 (2d Cir. 1990), the Second Circuit adopted a twelve-factor analysis to determine whether the stay should be vacated or modified to permit litigation to be continued in another forum. *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984), first set forth the factors, which include:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*Sonnax Indus.*, 907 F.2d at 1286. Only the relevant factors need be considered, *see In Re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994)(citing *Sonnax Indus.* 907 F.2d at 1285), and the court need not assign the factors equal weight. *See id.* (citing *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992). The court is even permitted to lift the stay *sua sponte* to allow litigation to continue in another forum. *See In re Laventhol & Horwath*, 139 B.R. 109, 116 n.6 (S.D.N.Y. 1992); *Niagra Mohawk Power Corp. v. Megan Racine Assocs., Inc.* (*In re Megan-Racine Assocs., Inc.*), 180 B.R. 375 (Bankr. N.D.N.Y. 1995).

14. The only *Sonnax* factors relevant here are factors 1, 2, 4, 10, 11 and 12.

Factors 1 and 2

15. Granting Rutledge's motion and permitting it to execute its proceeding of Debtor remove Debtor from the Property would ultimately result in a complete resolution of the dispute regarding possession of the Property between Rutledge and the Debtor. As Rutledge has filed this proceeding two days before the trial in Housing Court was to commence.

16. Furthermore, the first and second factors weigh in favor of Rutledge because "relief would provide at lease partial relief to [Rutledge] and allow it to pursue its rights to the property, and Debtor is unlikely to be able to cure the arrears and can do so in State Court and avoid evictions. *In re Tihi Restaurant Corp.*, 22-11216 (JPM), 2023 WL 1768373 at *3. Indeed, the Debtor here is already six months behind on rent and has only made one post-petition payment

under the lease. *See* Ex. 1. Accordingly, it is unlikely that the Debtor can cure its arrears and the first and second factors weigh in favor of Rutledge.

Factors 4, 10, 11

17.     Any claims the Debtor might have with respect to the Property are based upon New York State law. As the Debtor can raise all defenses during the trial in Civil Court of the State of New York which is a specialized tribunal to hear these types of proceedings.

18.     Judicial economy would be best served by lifting the stay to permit Rutledge to go forward in the State Court. New York State courts were in the best position to determine the respective rights of the parties.

Factor 12

19.     The continuation of the stay prejudices Rutledge because the Debtor has no legal right to remain in the Premises without payment of rent. Thus, Rutledge's interest in the Property is not being adequately protected. Indeed, the Debtor's bad faith is evidence here because the Debtor filed this proceeding on the eve of trial in the Landlord Tenant action commenced in 2022. Debtor has caused Rutledge to suffer months of financial difficulty and, given its defaults, it is unlikely that Debtor will ever be able to cure, forcing Rutledge to endure further damages. Thus, the twelfth factor weighs in Rutledge's favor. *In re Tihi Restaurant Corp.*, 22-12216(JPM), 2023 WL 1768373 at *3 ("The twelfth factor also weights in favor of Landlord – Debtor has repeatedly defaulted on agreements with Landlord and has not timely paid rent, creating uncertainty and financial difficulty for Landlord").

20. For all of the foregoing reasons, Rutledge submits that there is efficient cause to modify the automatic stay. A copy of the proposed order for said relief is annexed hereto as **Exhibit D**.

21. Additionally, Rutledge seeks waiver of the stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) so that Rutledge may immediately proceed to restore the Housing Court proceeding.

## CONCLUSION

22. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that the Bankruptcy Court modify the automatic stay pursuant to § 362(d) to proceed to the Housing Court in Queens County, Civil Court against the Debtor and grant Rutledge such further relief as the Court deems just and proper.

Dated: April 23, 2024
       Willison Park, New York

                              HORING WELIKSON ROSEN
                              & DIGRUGILLERS, PC

                              Randi B. Gilbert, Esq.
                              11 Hillside Avenue
                              Williston Park, New York 11596
                              (516) 535-1700
                              RGilbert@hwrpc.com