UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

JOEL RIVERA
                Debtor.
-------------------------------------------------------X

Chapter 7
Case No.: 1-23-42603-nhl

## DECLARATION IN SUPPORT OF MOTION

MARTIN KALT hereby declares the truth of the following, under penalty of perjury, pursuant to 28 USC §1746:

1. I am the managing agent for Movant, Rutledge Apartments LLC (hereinafter referred to as the "Landlord" or "Movant"), the landlord of Joel Rivera (hereinafter referred to as the "Debtor"), Debtor herein, who resides in Apartment A (the "Apartment"), located at 73-14 Woodhaven Boulevard, Glendale, NY 11385.

2. I make this Declaration in support of Movant's motion to vacate the automatic stay to permit Movant to go forward in the trial that was to go forward in Landlord/Tenant Civil Court, of the City of New York, Queens County that was to take place on July 26, 2023 under Index No. 306493/2023. This Chapter 7 proceeding was filed two (2) days prior to the trial date. The motion is made because the Debtor has (1) no equity in the Apartment; (2) the Debtor has not reaffirmed the lease for the Apartment; and (3) has not paid use and occupancy since the filing of this proceeding.

3. The Debtor originally took occupancy of the Apartment pursuant to a written apartment of lease for a term commencing September 15, 2019 through August 31, 2020. A copy of the lease is annexed hereto as **Exhibit A**.

4. The Debtor did not sign the renewal lease but remained in possession and for a time, paid the rent increases.

5.  The Debtor eventually ceased paying rent.

6.  Thereafter, the Debtor was served with a Thirty (30) Day Demand Notice. At the expiration of the Thirty (30) Day Notice, the Debtor was service with a Non-Payment Petition and Petition. See **Exhibit B**.

7.  The Debtor has refused and failed to pay rent for the Apartment through March, 2024. Annexed as **Exhibit C** is a current rent breakdown showing rent due. The Debtor owes pre-Petition rent of $54,420 from April 1, 2020 through July 30, 2023 and post-Petition in the amount of $16,060.

8.  My attorneys advise that under 11 USC § 362(d)(2), "On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay *** (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization[.]"

9.  My attorneys advise that Debtor is required to pay post-Petition rent. The Debtor filed for bankruptcy protection on July 14, 2023 and he has not paid post-Petition rent.

10. The law is clear, the Debtor is not entitled to remain shielded by the Bankruptcy Court while he fails to pay post-Petition rent as required.

11. Movant does not have adequate assurance that the Debtor will ever cure his lease defaults.

12. It is respectfully requested that the Court vacate the stay so creditor may continue the Housing Court proceeding and evict the tenant for failure to pay rent as it becomes due.

13. Under these circumstances the automatic stay should be lifted.

WHEREFORE, I respectfully request that this motion be granted in its entirety, that the automatic stay be vacated pursuant to 11 U.S.C. 362(d)(2) to permit the landlord to pursue the eviction of the Debtor from the premises and that this Court grant the landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  March 30, 2024

MARTIN KALT